**AFFIRM; and Opinion Filed March 14, 2013.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-11-00649-CV

---

## JEFF AND COURTNEY BLANKINSHIP, AND MIRACLE GOLF CONCEPTS, Appellants
## V.
## TIMOTHY BROWN, GARY W. BLANSCET, AND BLANSCET SUTHERLAND, HOOPER, & HALE, LLP, Appellees

---

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 320570014

---

## OPINION
Before Justices O'Neill, Francis, and Murphy
Opinion by Justice O'Neill

The trial court granted two motions for summary judgment in favor of appellees Timothy

Brown, Gary W. Blanscet, and Blanscet, Sutherland, Hooper, & Hale LLP. Appellants Jeff and

Courtney Blankinship and Miracle Golf Concepts appeal the trial court's orders. In four issues,

they argue (1) the trial court erred by granting the October 27, 2010 summary judgment with

respect to their claims for common law fraud, fraud by nondisclosure, and negligent

misrepresentation; (2) the trial court abused its discretion by denying their motion to compel

discovery; (3) the trial court erred by granting the January 21, 2011 summary judgment with

respect to their claims for aiding and abetting common law fraud, fraud by nondisclosure, and

negligent misrepresentation; and (4) the trial court abused its discretion when it rendered the May 6, 2011 protective order regarding their post-judgment deposition of Brown. We affirm.

## Factual Background

Appellee Brown was a golf professional, who formed a company called Miracle Golf Concepts. In 2007, he and his wife sold Miracle Gold Concepts to Golf & Tennis Pro Shop, Inc. (G&TPS). Brown worked for G&TPS from 2007 until December 31, 2008. During his employment, he was bound by a non-compete agreement that prohibited him from rendering services or being otherwise affiliated with another entity in the charity golf tournament industry. The agreement was in force during his tenure and for two years thereafter.

In late 2008, a dispute over Brown's wages ensued and G&TPS eventually terminated him. The dispute was formally resolved with a Termination Agreement and Mutual Release signed on March 17, 2010 with an effective date of December 31, 2008.

In April or May of 2009, Brown entered into a business relationship with the Blankinships to pursue Miracle Golf Concepts on their own. In September 2009, an attorney for the Blankinships drafted an independent contract agreement and presented it to Brown. Brown gave the agreement to appellee Gary Blanscet, his attorney, to review. Blanscet advised Brown he could not make certain representations because of his prior dealings with G&TPS. Blanscet revised the agreement, and the Blankinships signed it on October 14, 2009.

On October 23, 2009, Brown discussed with the Blankinships his prior dealings with G&TPS, including the noncompete agreement. The Blankinships terminated their contract with Brown and filed suit against him for common law fraud, negligent misrepresentation, and breach of contract. They brought causes of action against Blanscet and his law firm for common law fraud, aiding and abetting common law fraud, negligent misrepresentation, and aiding and

2

abetting negligent misrepresentation. A later amended petition included causes of action for fraud by nondisclosure and aiding and abetting fraud by nondisclosure.

On October 4, 2010, Blanscet and his firm filed a motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a asserting that all of appellants' claims failed as a matter of law. The trial court granted the motion on October 27, 2010 and dismissed with prejudice all of appellants' claims against them.

Appellants filed a motion to reconsider the October 27, 2010 order, and the trial court granted it in part and reinstated their aiding and abetting claims. Blanscet and his firm later filed a no evidence motion for summary judgment on the reinstated claims, which the trial court granted on January 21, 2011.

Appellants proceeded to trial against Brown. The jury found in favor of appellants on their claims for breach of contract, negligent misrepresentation, and fraud. Appellants now appeal the trial court's rulings in favor of Blanscet and his law firm.

### January 21, 2011 No Evidence Summary Judgment

In their third issue, appellants argue the trial court erred by granting appellees' no evidence motion for summary judgment with respect to their claims for aiding and abetting common law fraud, fraud by nondisclosure, and negligent misrepresentation. Appellees respond appellants violated Texas Rule of Appellate Procedure 38 and therefore have waived their complaints. We agree with appellees.

After discussing the procedural history of the January 21, 2011 summary judgment order, appellants state the following:

> The Blankinships will refrain from regurgitating the arguments and evidence proffered to rebut each of these nine criticisms, which are set forth in full in the clerk's record. [CR 70-251]. Upon review of the arguments, authorities and evidence proffered by the Blankinships, the Blankinships submit that no doubt exists that

3

they met their burden to present evidence creating factual issues which should have been resolved at trial with respect to each of the elements challenged by the Blanscet defendants.

Texas Rule of Appellate Procedure 38.1(i) states that a brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The above conclusory statement with citation to over 150 pages of the Clerk's Record does not comport with rule 38.1(i). *See Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet) (concluding brief, conclusory statements, unsupported by legal citations, are insufficient to sustain an appellant's complaint). Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for the court to review. *See Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 470 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Further, appellant's suggestion for disregarding rule 38.1 negates appellate rule page limitations. Accordingly, appellant's third issue is overruled.

Having overruled this issue, we need not address appellants' second issue in which they complain the trial court abused its discretion when it denied their motion to compel discovery and continue the summary judgment hearing regarding the aiding and abetting claims. Because they waived their aiding and abetting claims on appeal, any alleged error by the trial court in denying discovery or a continuance based on these claims is moot. Thus, appellant's second issue is overruled.

### October 27, 2010 Traditional Motion for Summary Judgment

In their first issue, appellants argue the trial court erred by granting appellees' motion for summary judgment with respect to their causes of action for common law fraud, fraud by nondisclosure, and negligent misrepresentation. Appellees respond the trial court did not err in

granting their motion because no genuine issue of material fact exists indicating appellants justifiably relied upon any alleged misrepresentations by Blanscet.

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*

To establish common law fraud, appellants must prove (1) a material misrepresentation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. *Hall v. Douglas*, 380 S.W.3d 860, 80 (Tex. App.—Dallas 2012, no pet.).

Fraud by nondisclosure is considered a subcategory of fraud. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To establish fraud by nondisclosure, appellants must prove (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result

5

of acting without that knowledge. *Horizon Shipbuilding, Inc. v. Blyn II Holding*, LLC, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

And lastly, to establish negligent misrepresentation, appellants must prove (1) the representation was made by a defendant in the course of his business, or in a transaction in which he had a pecuniary interest, (2) the defendant supplied "false information" for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002).

Appellees' motion for summary judgment challenged the reliance element of appellants' causes of action. They contended appellants' claims failed as a matter of law because the uncontroverted evidence established appellees did not become aware of Brown's involvement with appellants until August 2009, which was approximately four months after Brown and appellants began working together. Thus, appellees claimed appellants could not have possibly relied on any representations or lack of disclosures by them when they signed the October 14, 2009 contract.

Both common law fraud and negligent misrepresentation require a showing of actual and justifiable reliance. *AKB Hendrick, LP v. Musgrave Enter., Inc.*, 380 S.W.3d 221, 238 (Tex. App.—Dallas 2012, no pet.). Likewise, reliance is a necessary element of fraud by nondisclosure. *Schlumberger Tech. Co.*, 959 S.W.2d at 181 (holding fraud by nondisclosure is a subcategory of fraud and because reliance is an element of fraud, it is likewise an element of fraud by nondisclosure). Appellants acknowledge that in order to substantiate their causes of

action against appellees they must establish they relied upon misrepresentations or nondisclosures by appellees.

In response to appellees' motion for summary judgment, appellants submitted the affidavit of Jeff Blankinship. He stated they "actually relied on both the representations contained within the Independent Contract Agreement as reviewed and redrafted by [appellees] . . . ," and they "actually relied on the [appellees'] nondisclosure of the existence of the Asset Purchase Agreement and the Noncompetition Agreement." He further asserted they would not have entered into the redrafted agreement had they been aware of the Asset Purchase Agreement and the Noncompetition Agreement. Had they known of these agreements, "they would immediately have ceased incurring any further expenditures or liabilities with respect to their business relationship with Defendant Brown." Based on this affidavit, appellants argue they created a fact issue to overcome summary judgment.

Appellees first argue the affidavit does not create a fact issue because Jeff Blankinship's trial testimony proves he did not rely on any representations or nondisclosures by Blanscet. He admitted at trial he did not read the contract before signing it nor did he submit it to his attorney to review despite knowing appellees made revisions to it. However, this evidence was not before the trial court at the time it considered summary judgment. Accordingly, we may not consider the trial testimony in our summary judgment analysis. *See Young v. Gumfory*, 322 S.W.3d 731, 745 n.3 (Tex. App.—Dallas 2010, no pet.) (noting review was limited to evidence before the court at the time of the first motion for partial summary judgment); *Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, writ denied).

In reaching this conclusion, we are unpersuaded by appellees' arguments that appellants "opened the door" to our consideration of such evidence when they filed a motion for new trial

7

with the trial transcript attached. Appellees have provided no authority to support this proposition, and appellants' have not challenged the denial of their motion for new trial. Accordingly, we will consider the affidavit to determine whether appellants created a fact issue as to the element of reliance.

It is undisputed appellees did not have an attorney-client relationship with appellants. However, appellants rely on *McCamish, Martin, Brown & Loeffler v. F.E. Appling Investments*, 991 S.W.2d 787 (Tex. 1999) to support their position that an attorney can be responsible to a non-client for misrepresentations. Appellants argue *McCamish* should apply because Blanscet reviewed, modified, and redrafted the independent contractor agreement for Brown, who in turn provided the contract with alleged fraudulent statements to them. They claim to have relied on the representations in the contract, and their reliance "was justifiable, because a non-client has a reasonable and justifiable expectation that his counterparty's attorney will comply with his ethical and professional responsibilities" as provided by the Texas Disciplinary Rules of Professional Conduct. As explained below, we conclude *McCamish* and the Texas Disciplinary Rules of Professional Conduct do not apply under these facts.

The *McCamish* court decided whether the absence of an attorney-client relationship precludes a third party from suing an attorney for negligent misrepresentation under section 552 of the Restatement (Second) of Torts. While it concluded the theory of negligent misrepresentation permits plaintiffs who are not parties to a contract for professional services to recover from the contracting professionals, the duty imposed on an attorney to a non-client is limited. *Id.* at 793–94.; *see also Kastner v. Jenkins & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App.—Dallas 2007, no pet.). The duty arises only when (1) the attorney is aware of the non-client and intends that the non-client rely on the representation; and (2) the non-client justifiably

relies on the attorney's representation of a material fact. *McCamish*, 991 S.W.2d at 794; *Kastner*, 231 S.W.3d at 577.

To determine whether the non-client justifiably relied on the representation, the reviewing court must consider the nature of the relationship among the attorney, client, and non-client. *McCamish*, 991 S.W.2d at 794. The non-client cannot rely on an attorney's representations unless the attorney invites that reliance. *Id.* at 795. Further, courts have generally acknowledged that a third party's reliance on an attorney's representation is not justified when the representation takes place in an adversarial context. *Id.* at 794.

Here, Blanscet was aware he was reviewing a contract for Brown that would be given to appellants. However, there is no evidence Blanscet intended appellants to rely on any representations in the contract or that he invited any such reliance. In fact, appellants have not presented any evidence that they had any dealings, discussions, or interactions with Blanscet prior to signing the contract that would establish an invitation of reliance.

Further, courts have allowed an attorney to be held liable to a non-client in situations such as when the attorney issues an opinion letter or some type of evaluation. *See McCamish*, 991 S.W.2d at 793 ("A typical negligent misrepresentation case involves one party to a transaction receiving and relying on an evaluation, such as an opinion letter, prepared by another party's attorney."). Blanscet did not issue any type of opinion letter or evaluation. Rather, he revised the contract on behalf of Brown because the initial contract "was not in the format of a typically acceptable" independent contractor agreement. "Modifications were made to the proffered format in order to assist Mr. Brown in *his* further discussions with [appellants]." [Emphasis added.] Thus, Blanscet was clearly acting on behalf of his client's interest.

9

*Kastner v. Jenkens & Gilchrist, P.C.*, a case out of this court that declined to extend *McCamish*, is instructive. In that case, non-clients sued an attorney and his firm after a limited partnership's investment in a commercial real estate venture failed. *Kastner*, 231 S.W.3d at 573. The attorney prepared a partnership agreement on behalf of his clients based on information they provided him. *Id.* at 574. It was later determined that the partnership did not have sufficient funds to go through with certain transactions. *Id.* The Kastners filed suit for negligent misrepresentation, and the trial court granted the attorney's no-evidence motion for summary judgment. *Id.* at 577.

We concluded *McCamish* did not apply, and the reliance element was missing. *Id.* at 578. In reaching this conclusion, we noted "there was no reason for [attorney] to anticipate the non-client recipient might attach any extraordinary significance to his transmission of the partnership agreement or the accompanying correspondence." *Id.* at 578. We further concluded:

> [T]he mere transmission of a partnership agreement from an attorney to a non-client cannot reasonably be construed as a legal opinion on the validity of the agreement . . . . We similarly reject the Kastners' attempt to characterize the contents of the partnership agreement as representations by [attorney]. To do so would effectively require attorneys to adopt as their own the terms of—and representations made in—legal documents they prepare for their clients. Such an expansive interpretation far exceeds the scope of *McCamish* liability.

*Id.*

Appellants are again asking this Court to expand *McCamish* to circumstances we have already concluded far exceed the scope of such liability. Similar to the attorney in *Kastner*, Blanscet revised the independent contract agreement based on information he received from Brown. There is no evidence he had any communication with appellants other than providing the revised independent contract agreement to Brown, who then provided it to appellants.

Nothing within the agreement included any type of opinion or evaluation. We again refuse to expand *McCamish* to the point that an attorney can be held liable for alleged misrepresentations when preparing legal documents, based on information provided by the client, that ended up in the hands of non-clients. Accordingly, Jeff Blankinship's affidavit does not raise a genuine fact issue as to reliance. Because appellees' have conclusively negated this essential element of appellants' causes of action for common law fraud, negligent misrepresentation, and fraud by nondisclosure, they were entitled to judgment as a matter of law.

In reaching this conclusion, we are not persuaded by appellants' argument that the Texas Disciplinary Rules of Professional Conduct create a duty on the part of Blanscet to disclose any information regarding Brown's prior dealings with G&TPS. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 4.01.[1] The Texas Disciplinary Rules of Professional Conduct expressly state that a violation of the Code of Professional Responsibility does not give rise to a private cause of action. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT preamble ¶ 15 ("These rules do not undertake to define standards of civil liability of lawyers for professional conduct. Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached."); *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App.— Waco 2008, no pet.) (holding plaintiff could not support causes of action for fraud and civil conspiracy based on a violation of rule 4.01). Accordingly, appellants' first issue is overruled.

**Post-Judgment Deposition Protective Order**

In their final issue, appellants argue the trial court abused its discretion when it rendered the May 16, 2011 protective order preventing them from deposing Brown post-judgment.

---

[1] Texas Disciplinary Rule of Professional Conduct 4.01 provides that in the course of representing a client, a lawyer shall not knowingly (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid making the lawyer a party to a criminal act or knowingly assisting a fraudulent act perpetrated by a client. TEX. DISCIPLINARY R. PROF'L CONDUCT 4.01.

Appellees respond the trial court did not abuse its discretion because appellants were essentially trying to circumvent the court's prior order denying their motion to reconsider and motion for new trial.

After trial, appellants filed a "Notice of Intent to Take Oral Deposition of Defendant Timothy Brown." Appellees filed their motion to quash and motion for protective order pursuant to Texas Rule of Civil Procedure 192.6 and asked the trial court to strictly limit the scope of the deposition to enforcement of the judgment. "Any inquiry beyond the scope of the enforcement would be irrelevant . . . ."

The trial court held a hearing on the motion, and appellants admitted they planned to inquire into issues beyond the enforcement of judgment. Appellants argued that after trial, Brown's counsel informed them that Brown disputed some of Blanscet's trial testimony, and Brown was willing to testify as to those matters. Appellants claimed Brown's testimony could "constitute new evidence warranting a re-examination of Mr. Blanscet's and his law firm's potential culpability with respect to our prior causes of action." Appellees responded that all issues regarding their liability had been fully and finally resolved in summary judgment motions. The trial court granted a protective order and limited the deposition to issues surrounding collection of the judgment.

Rule 621a allows a successful party after the rendition of judgment to initiate and maintain discovery proceedings to aid in the enforcement of judgment. TEX. R. CIV. P. 621a; *Zenner v. Lone Star Striping & Paving, L.L.C.*, 371 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Relevance in the context of post-judgment discovery must be viewed generally in the same manner as in ordinary pretrial discovery, which includes anything reasonably calculated to lead to the discovery of material evidence. *Collier Serv. Corp. v.*

*Salinas*, 812 S.W.2d 372, 376 (Tex. App.—Corpus Christi 1991, no writ). Material evidence includes any information that would aid in enforcement of the judgment. *Id.*

Texas Rule of Civil Procedure 192.6(b) authorizes a trial court to grant an order of protection, "to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX. R. CIV. P. 192.6(b). While a trial judge may exercise some discretion in the granting of protective orders, this discretion is not without bounds. *See Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990); *see also In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). A party seeking protection must show facts of a particular, specific, and demonstrable injury sufficient to justify a protective order. *In re K.L.&J. Ltd. P'ship*, 336 S.W.3d 286, 294 (Tex. App.—San Antonio 2010, orig. proceeding) (citing *Masinga*, 792 S.W.2d at 940)). It may not simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding). The party must produce some evidence supporting its request for a protective order when sought on that basis . *Id.*

While we agree appellees' motion for protective order does not specifically state why the discovery sought was irrelevant, appellees clearly made their objections to the trial court during the hearing. Appellees argued that appellants' requests to inquire into information beyond enforcement of the judgment was irrelevant. Further, appellees correctly argued that all causes of action against them had been fully and finally resolved by the trial court in motions for summary judgment. Therefore, any information Brown allegedly could have provided regarding Blanscet's trial testimony was irrelevant. Further, the trial court had previously overruled appellants' motion for reconsideration and motion for new trial in which they made the same

13

arguments.  Thus, appellees' arguments were not conclusory to the trial court but were supported by the record.  Accordingly, because the information appellants sought was irrelevant and would not assist in enforcement of the judgment against Brown, the trial court did not abuse its discretion in granting the protective order.  We overrule appellants' fourth issue.

## Conclusion

Having overruled appellants' issues, we affirm the trial court's judgment.


MICHAEL J. O'NEILL
JUSTICE

110649F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JEFF AND COURTNEY BLANKINSHIP, AND MIRACLE GOLF CONCEPTS, Appellants

No. 05-11-00649-CV      V.

TIMOTHY BROWN, GARY W. BLANSCET, AND BLANSCET SUTHERLAND, HOOPER & HALE LLP, Appellees

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 320570014.
Opinion delivered by Justice O'Neill, Justices Francis and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TIMOTHY BROWN, GARY W. BLANSCET AND BLANSCET SUTHERLAND, HOOPER & HALE LLP recover their costs of this appeal from appellant JEFF AND COURTNEY BLANKINSHIP, AND MIRACLE GOLF CONCEPTS.

Judgment entered this 14th day of March, 2013.

MICHAEL J. O'NEILL
JUSTICE