**AFFIRM; and Opinion Filed August 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00589-CV

### JORDAN & JENNIFER DONTOS, Appellant
### V.
### BANCO POPULAR NORTH AMERICA, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-07-14576-C**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

Appellants Jordan and Jennifer Dontos appeal a summary judgment in favor of appellee Banco Popular North America. In a single point of error, appellants contend the trial court erred in granting summary judgment because material fact issues exist. For the following reasons, we affirm the trial court's judgment.

Crave, LLC, as franchisee, entered into a vending machine franchise agreement with 24Seven Vending (USA), as franchisor. Appellants are the owners of Crave and guaranteed its performance of the franchise agreement. To finance the franchise fee and other business expenses, Crave obtained a small business loan from Banco Popular and executed a promissory note. Appellants guaranteed the note. After Banco Popular released the funds for the franchise fee, appellants discovered that 24Seven had just gone into receivership and its successor Bacon

Whitney was not financially stable. Crave subsequently defaulted on the note and appellants defaulted on their guaranty.

Crave and appellants sued several defendants, including 24Seven, Bacon Whitney Corporation, and Banco Popular in connection with fraud related to the franchise agreement. Banco Popular answered and filed counterclaims against Crave on the note and appellants on their personal guaranty. Appellants subsequently obtained a default judgment against 24Seven and Bacon Whitney for $1.5 million in actual damages and $4.5 million in punitive damages.

Banco Popular filed motions for summary judgment on its affirmative claims and on appellants' claims against it. The trial court granted Banco Popular's motions and rendered a take-nothing judgment against appellants on their claims and in favor of Banco Popular on the note and the guaranty.

On appeal, in a single issue, appellants contend the trial court erred in granting the summary judgments. To prevail on a traditional motion for summary judgment, a movant must show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). The burden is on the party appealing from a trial court judgment to show the judgment is erroneous. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 806 (Tex. 1968). A party appealing a summary judgment must challenge all possible grounds on which the judgment could have been based. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 314 (Tex. App.—Dallas 2009, pet. denied).

In their petition, appellants alleged claims against all of the defendants generally. They asserted claims for violations of certain state and federal franchise laws, DTPA violations, fraud, breach of contract, tortious interference, civil conspiracy, aiding and abetting, and negligent

misrepresentation. Appellants claims all arose from misrepresentations concerning the franchise agreement transaction.

With respect to Banco Popular, they alleged it, "[a]s a party to the loan transaction, a part of the franchise transaction . . . knew, or with the exercise of reasonable care, should have known . . . that there was a material change in financial circumstances and identity of the franchisor/recipient of the loan proceeds." It asserted Banco Popular had a duty to, but did not, disclose this "information" to them.

On appeal, appellants first assert the trial court erred in granting summary judgment on their claims arising from violations of the Texas Business Opportunity Act and the Federal Franchise Rules which were "in turn violations of the DTPA and the Washington Franchise Act." Banco Popular moved for summary judgment asserting that both the Texas Business Opportunity Act and the Federal Franchise rules applied only to claims against a defendant that had entered into a franchise agreement. Appellants have not challenged this ground for summary judgment. Instead, they assert summary judgment on their DTPA claim was improper because the DTPA does not require "privity." However, appellants have not identified any DTPA violation other than violations of the Texas Business Opportunity Act and the Federal Franchise Rules. Absent a showing Banco Popular violated those provisions, appellants have likewise failed to show summary judgment on their DTPA claim was error.

Appellants next complain the trial court erred in granting Banco Popular's motion for summary judgment on their fraud claim. Banco Popular moved for summary judgment on appellants' fraud claim asserting it did not make any representations to appellants regarding the franchise agreement. On appeal, appellants assert summary judgment was improper because they presented summary judgment evidence that Banco Popular failed to disclosure material information to appellants that it knew or "should have known."

–3–

Fraud by nondisclosure is considered a subcategory of fraud. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997); *Blackinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied). To establish fraud by nondisclosure, appellants must prove (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge. *Blackinship*, 399 S.W.3d at 308; *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Here, appellants have presented no evidence of any "fact" Banco Popular was aware of and failed to disclose. They nevertheless assert Banco Popular should have investigated and, had they done so, they would have discovered the change in financial condition of the franchisor and would then have had a duty to disclose that fact to appellants.

To be actionable, a failure to disclose material information necessarily requires the defendant have known the information and have failed to bring it to the plaintiff's attention. *See Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995) (failure to disclose under DTPA). There is also no duty if a defendant fails to disclose material facts it "should have known." *Id.* (citing *Prudential Ins. Co. of Am. v. Jefferson Assoc., Inc.*, 896 S.W.2d 156, 162 (Tex. 1995)). We conclude appellants have failed to show the trial court erred in granting Banco Popular's motion for summary judgment on their fraud claim.

Appellants also contend summary judgment was improper on their claims for civil conspiracy. To support this contention, appellants merely recite the elements of conspiracy and

assert "[t]hese elements are all provided by [a]ppellants' summary judgment proof." The appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made. TEX. R. APP. P. 38.1(i). A point of error not adequately supported by either argument or authorities is waived. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). We conclude this issue is inadequately briefed and presenting nothing to review. *See Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex .App.—Dallas 2007, pet. denied).

Finally, appellants contend summary judgment was improper on their claim for negligent misrepresentation. The elements of a cause of action for negligent misrepresentation are: (1) a representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Under this argument, appellants recite these elements and assert they raised a fact issue because Banco Popular "knew or should have known that there was or may have been a material change in the conditions surrounding the loan." Appellants cite no authority that a nondisclosure can support a negligent misrepresentation claim and the only authority they do cite does not support their contention. We conclude they have failed to show the trial court erred in granting summary judgment on their negligent misrepresentation claim.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130589F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JORDAN & JENNIFER DONTOS,
Appellants

No. 05-13-00589-CV        V.

Banco Popular North America, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-07-14576-C.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Banco Popular North America recover its costs of this appeal from appellants JORDAN & JENNIFER DONTOS.

Judgment entered this 21st day of August, 2014.