COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BEA HUML, | § | |
| Appellant, | § | No. 08-13-00071-CV |
| v. | § | Appeal from the |
| BEVERLY MITRISIN, INDIVIDUALLY, and JACK O'BOYLE, ESQ., | § | 171st District Court |
| | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2012DCV06334) |

# **O P I N I O N**

This is a *pro se* appeal by Bea Huml of the trial court's summary judgments dismissing her lawsuit alleging an "illegal foreclosure" and breach of fiduciary duty against the substitute trustee, Beverley Mitrisin, and opposing counsel in Huml's eviction proceeding, Jack O'Boyle. We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Huml filed suit against Beverly Mitrisin and Jack O'Boyle seeking "judicial declaratory determination" that the "documents created and used" by Mitrisin, a Substitute Trustee, were "invalid and illegal" and "the foreclosures that resulted thereafter should be invalidated." Huml also alleged a breach of fiduciary duty owed to Huml by Mitrisin and O'Boyle. Huml's prayer

included a request for a "decla[ra]tory judgment that the foreclosure documents are invalid and fraudulent (robosigned)" and Mitrisin "shall be liable for her actions" in "breach of her fiduciary duty."

Mitrisin and O'Boyle answered and filed respective motions for summary judgment. Mitrisin filed a traditional summary judgment while O'Boyle filed a traditional and a no-evidence summary judgment. Mitrisin's summary judgment motion was based on two grounds: (1) Mitrisin owed no fiduciary duty to Huml pursuant to Section 51.0074 of the Texas Property Code; and (2) Mitrisin did not "robosign" any foreclosure documents and Huml has failed to produce any document "robosigned" by Mitrisin in connection with the foreclosure on Huml's residence.

O'Boyle contended in his summary judgment motions that he was retained by his client Federal Home Loan Mortgage Corp. ("Freddie Mac") to file eviction suits against Huml after the foreclosures were completed. According to O'Boyle, Freddie Mac became the record owner of the foreclosed properties after the foreclosure sale. O'Boyle averred he had no contact or communication with Huml other than as opposing attorney for his client Freddie Mac. O'Boyle moved for summary judgment on the basis he owed no fiduciary duty to Huml as an opposing attorney in a forcible detainer and eviction action while duly representing his client Freddie Mac.

Huml's response to Appellee's summary judgment failed to address the issue of any fiduciary duty owed by Mitrisin and O'Boyle to her. Huml's supporting affidavit outlined her previous employment with El Paso County and afforded her a "good working knowledge of El Paso County Government functions." Huml also stated she had conveyed her observations to the Federal Bureau of Investigations Financial Crimes Unit in El Paso, and had contacted the State Bar of Texas regarding "omissions and/or misrepresentations by MERS and its counsel." The

2

affidavit is dated April 30, 2012, nearly six months prior to the filing of this lawsuit on October 22, 2012. Huml's affidavit's heading recites it was filed in the Western District of Texas in cause number 3:12-CV-00146-DB by the U.S. District Clerk on April 30, 2012. The lawsuit's parties are Bea Huml, et al & "John Doe(s)" and "Jane Doe(s)" vs. Federal National Mortgage Association; Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc: BAC Home Loan Servicing, LP.; The Bank of New York Mellon f/k/a The Bank of New York CWABS, Inc., (Asset-Backed Securities, Series 2007-9). Huml's response also includes copies of the substitute trustee deeds and an assignment of deed of trust for her properties.

The trial court granted Mitrisin's and O'Boyle's summary judgment motions. O'Boyle's order recites "Summary Judgment should be, and hereby is, in all things, GRANTED." Mitrisin's order states "is Granted in its entirety" and "is a FINAL JUDGMENT as to all claims as to all parties in this lawsuit."

### *Discussion*

On appeal, similar to her response to the summary judgment motions, Huml fails to raise any issue for review of the grant of summary judgment or assign any error to the trial court's rendition of the grant of summary judgement. Huml requested to "remand [the case] back to state court for further proceedings."

Under the Texas Rules of Appellate Procedure, a brief submitted by an appellant must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). We note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El* Paso, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents

nothing for our review. *Blankinship v. Brown,* 399 S.W.3d 303, 307 (Tex.App.--Dallas 2013, pet. denied). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *In re Estate of Taylor,* 305 S.W.3d 829, 836 (Tex.App.--Texarkana 2010, no pet.). "An appellate court has no duty—or even right-to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id.*

Here, Huml has wholly failed to complain of any legal issue arising out of the grant of summary judgment for Mitrisin and O'Boyle. In her brief, she addresses a myriad of complaints with MERS citing to briefs, transcripts, and motions not before this Court with nary a word regarding the Appellees. Huml states "defendant Bea Huml framed the issue presented as follows:"

> Plantiff' [sic] case ultimately posits the unsubstantiated theory: that Mortgage Electronic Registration Systems, Inc. ("MERS") can Serve as a deed of trust beneficiary in Texas vis-s-vis a foreclosure action.

Without alleging any error in the proceedings in the trial court below or identifying an issue for review, we are compelled to find that Huml has waived her issues on appeal pursuant to Texas Rules of Appellate Procedure 38. *See Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex. 1994). We affirm the trial court's judgment.


August 7, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Larsen, Senior Judge
Larsen, Senior Judge (Sitting by Assignment)

4