**Affirmed and Memorandum Opinion filed October 29, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00786-CV

---

## DALE CALCARONE, SR., Appellant

## V.

## DALE CALCARONE, JR., Appellee

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CV-0406**

---

## MEMORANDUM OPINION

In this property dispute, Appellant Dale Calcarone, Sr. appeals a judgment in favor of his son Appellee Dale Calcarone, Jr. raising several issues on appeal. For the reasons below, we affirm the trial court's judgment.

### BACKGROUND

Representing himself pro se, Appellant sued Appellee on March 12, 2020, after a dispute ensued over who owns real property located at 5626 Avenue G in

Santa Fe, Texas (the "Property"). In his original petition, Appellant alleged that he had negotiated to purchase the Property from Lawrence Gehret in March 2003, but because Appellant "was involved in a potential legal matter that precluded him from receiving the land title in his name," Appellant "entered into a verbal agreement with [Appellee] to put the property in his name at closing and change it later." Appellant further alleged that (1) Appellee "agreed to hold the title for a period of time in his name"; (2) Appellant "agreed and did make all payments to the seller and pa[id] all of the taxes"; (3) Appellant paid into seller's bank account the agreed amount of $60,000 at 8% interest; (4) "final payment was made on or about December of 2013 and the seller signed and recorded a release of lien [on] January 6, 2014"; and (5) after the property was paid off by Appellant, he requested that Appellee "title the property back in his name" as previously agreed, but Appellee refused.

Appellant further alleged that he "owned and operated Sundial Builder's before [Appellee] was born. [Appellee] incorporated the business a few years ago and did not include [Appellant], the owner. [Appellant] understood that they would be partners in the Corporation. Instead, he is not an owner, has not been paid for his business by [Appellee] and has not received one half of the profits or seen the books." Appellant sought a declaratory judgment, asking the trial court

> to determine the true ownership of the property at Sante Fe and to determine if [Appellant] should be compensated for his full payment for the property and [Appellee] breaching his contract to turn over the property when things got better for [Appellant] and to determine whether [Appellant] should be compensated for improvements on the property. Additionally, [Appellant] asks the court to determine the ownership of Sundial Builders and whether he should be compensated for his interest in the Corporation.

Appellant also asserted a claim for promissory estoppel based on Appellee's alleged promise to "sign over the title to the Santa Fe property on request and

2

[Appellant] would share in the profits from the Sundial Builder's Inc. when it was incorporated." Alternatively, Appellant asserted a claim for quantum meruit based on Appellee's alleged acceptance of improvements Appellant made to the Property.

Appellee filed an answer on March 24, 2020, generally denying Appellant's allegations, asserting numerous affirmative defenses, and asserting a counterclaim for declaratory judgment seeking the trial court to declare that (1) Appellee is "the true owner of the Property as evidenced by the attached Deed"; and (2) "the statute of frauds applies to any alleged oral agreement since a contract for a purchase of real property is required to be in writing." In that regard, Appellee alleged that (1) he owns the Property as shown on the attached Warranty Deed with Vendor's Lien dated June 19, 2003; (2) Appellant owns no ownership interest in the property; (3) after the purchase of the Property, Appellee leased the Property to Appellant who occupies it; (4) pursuant to an oral lease of June 19, 2004, Appellee allowed Appellant "possession of the Property under a tenant at will relationship"; (5) because of the parties' father-son relationship, there was no rent or fixed term for the lease expected; (6) as a condition of Appellant's possession of the Property, he was required to pay all ad valorem taxes and reimburse Appellee for maintenance and upkeep expenses as well as keep the Property in a sanitary and neat condition which Appellant "breached that agreement by placing . . . throughout the Property" automobile parts, debris, junk, and household items; (7) Appellee mailed a notice of termination of oral lease to Appellant, informing him how he breached the lease and that Appellee had incurred substantial expenses over the years for Appellant's failure to pay taxes and for the upkeep of the Property; and (8) Appellant and Appellee were never partners in Sundial Builders of Texas, Inc. but Appellee is the sole owner and shareholder, and Appellant owns and operated Sundial Builders as

3

a sole proprietorship and Appellee has no interest in that sole proprietorship.

On October 12, 2020, Appellant filed a Response to Counterclaim, Special Exceptions, Motion to Dismiss Baseless Action, in which he generally denied all allegations in Appellee's counterclaim, asserted affirmative defenses, "specially except[ed] to [Appellee]'s counterclaim for oral lease for multiple years," and asked the trial court to dismiss Appellee's "counterclaim for oral lease for multiple years." Because Appellant failed to appear at a set pre-trial conference, the trial court dismissed the case for want of prosecution in January 2022. Upon Appellant's motion, the court reinstated the case about a month later.

In April 2022, Appellee filed a traditional motion for partial summary judgment on Appellant's claims for a declaratory judgment, promissory estoppel, and quantum meruit. With regard to Appellant's declaratory judgment claim, Appellee argued the alleged oral contract on which Appellant relied for his claim of ownership violated the statute of frauds and any claim for breach of agreement was barred by the applicable statute of limitations. Likewise, Appellee argued that Appellant's promissory estoppel and quantum meruit claims were barred by the statute of limitations more than a decade before Appellant filed his suit.

On June 30, 2022, Appellant filed his first amended answer, asserting affirmative defenses of adverse possession and statute of limitations. That same day, he also filed a response to Appellee's traditional motion for partial summary judgment and a "counter motion" for partial summary judgment "on the issue of Declaratory judgment based on" adverse possession. On July 11, 2022, the trial court granted Appellee's traditional motion for partial summary judgment on Appellant's claims for declaratory judgment, promissory estoppel, and quantum meruit. There is no ruling on Appellant's "counter motion" for partial summary judgment.

In August 2022, Appellant filed a motion for new trial, asserting that Appellee was not entitled to partial summary judgment, to which Appellee filed a response. Appellant also filed a motion to strike the earnest money contract as summary judgment proof. About two months later, the trial court signed an order denying Appellant's motion to strike.

A jury trial was set on Appellee's remaining claims. Before trial, Appellee filed a motion and amended motion in limine; the trial court granted the amended motion. The court also granted Appellee's motion to strike Appellant's June 30, 2022 first amended answer. The case proceeded to trial on September 26, 2022. At the two-day trial, Appellant continued to represent himself pro se. Although he participated in voir dire, made an opening statement, cross-examined Appellee, and made a closing statement, he did not object to the admission of Appellee's exhibits and rested without calling any witnesses or testifying himself.

The jury found that (1) Appellee is the owner of the Property; (2) the lien Appellant had recorded "is a cloud on title and should be ordered to be released against the real property"; and (3) Appellee "is entitled to his incurred reasonable and necessary attorneys' fees under section 37.009 of the Texas Civil Practice and Remedies Code" in the amount of $1.00. On September 28, 2022, the trial court signed a final judgment. Appellant filed a timely notice of appeal on October 21, 2022.

## ANALYSIS

Appellant continues to represent himself pro se on appeal. Although we construe pro se briefs liberally, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *Leggett v. Brixton*, No. 14-20-00677-CV, 2021 WL 6141252, at *2 (Tex. App.—Houston [14th Dist.] Dec. 30, 2021, no pet.) (mem.

5

op.); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To do otherwise would give pro se litigants an unfair advantage over those litigants represented by counsel. *Smith v. Cousins*, No. 14-19-00612-CV, 2021 WL 925099, at *2 (Tex. App.—Houston [14th Dist.] Mar. 11, 2021, no pet.) (mem. op.); *see Mansfield State Bank*, 573 S.W.2d at 184-85. Appellant appears to raise five issues in his appellate brief, which we address in turn.

## I. Jury Instruction

In his first issue, Appellant states the trial court abused its discretion by denying him "a jury instruction on his affirmative defense of adverse possession."

The Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Here, Appellant makes no argument regarding the trial court's alleged denial of a jury instruction on his affirmative defense nor does he provide citations to applicable authorities and the record with regard to the jury instruction complaint. Thus, Appellant waived his complaint because he failed to properly brief it. *See id*.; *Komerica Post, LLC v. Byun*, No. 14-21-00636-CV, 2023 WL 6475453, at *6 (Tex. App.—Houston [14th Dist.] Oct. 5, 2023, no pet.) (mem. op.).

We note that within his jury instruction issue, he makes two statements unrelated to his jury instruction complaint. First, Appellant states that Appellee "got a Motion in Limine" granted so that Appellant "could not prosecute his case" and then cites to the record reflecting Appellee's argument on a motion in limine regarding "the issue of the statute of frauds" followed by the trial court's grant of the motion. However, Appellant does not explain why the grant of Appellee's motion in limine regarding "the issue of the statute of frauds" prevented him from prosecuting his case or how and why he is entitled to any relief in this court

6

because of the grant of the motion in limine.

Second, Appellant (1) points to Appellee's argument on his motion to strike Appellant's first amended answer, in which Appellee asserted that Appellant's answer should be stricken because Appellant's affirmative defense of adverse possession requires proof that "the property is under a duly registered deed" and Appellant has no evidence of that element; and (2) states the trial court "abused its discretion in allowing [Appellee to] create his own law as to adverse possession" and this "improper definition of adverse possession prejudiced [Appellant]'s trial and denied" him a fair trial. However, the trial court denied Appellee's motion to strike; therefore, Appellant's assertion that the trial court "abused its discretion in allowing [Appellee to] create his own law as to adverse possession" is not supported by the record.

We overrule Appellant's first issue.

## II.    Summary Judgment

Appellant challenges the grant of Appellee's summary judgment in his second, fifth, and sixth issues.[1]

### 1.    Standard of Review

We review a grant of summary judgment *de novo*. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). In conducting our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Parker*, 514 S.W.3d at 219; *Valence Operating Co. v. Dorsett*, 164 S.W.3d

---

[1] In his brief, Appellant raises five issues which he numbers as issues I, II, V, VI, and VII. There are no issues III or IV in his brief. Although incorrectly numbered, we will address the issues as they are numbered in the brief.

656, 661 (Tex. 2005).

A party moving for traditional summary judgment meets his burden by proving there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Parker*, 514 S.W.3d at 220. A defendant moving for summary judgment must disprove at least one of the essential elements of each of the plaintiff's causes of action or conclusively establish all the elements of an affirmative defense. *Patel v. Patel & Patel, CPA*, No. 14-22-00769-CV, 2024 WL 1793014, at *5 (Tex. App.—Houston [14th Dist.] Apr. 25, 2024, no pet.) (mem. op.). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Patel*, 2024 WL 1793014, at *5.

### 2.    *Issue II*

In his second issue, Appellant states: "Did the trial judge abuse her discretion in granting [Appellee]'s motion for summary judgment as a matter of law as the statute of limitations for enforcing a deed is ten years for adverse possession and two for abandoned property which the [Appellee] is alleging a claim?" Besides the above, Appellant states the "required adverse possession elements are provided in the statute" and then lists the elements.

Appellant waived any complaint in issue two because his statements fail to comply with Texas Rule of Appellate Procedure 38.1(i), requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i). He does not cite to any evidence in the record and fails to present any argument explaining why he is entitled to relief. Additionally, even though Appellant claimed in his response to Appellee's partial summary judgment motion and "counter motion" for partial summary judgment that Appellant "has proven all

8

the elements of adverse possession and should be granted title" to the Property, Appellant cited the trial court to no evidence to support that claim.

We overrule Appellant's second issue.

### 3.     *Issue V*

In his fifth issue, Appellant states:  "Did the trial court abuse her discretion err [sic] as to the law in her sufficiency of evidence as to the matter of law denying [Appellant]'s opposition to [Appellee]'s summary judgment?"  He also states that the trial court allowed Appellee "to make up his own rule for adverse possession" and "[b]oth the trial judge and [Appellee] appear to apply the wrong law to the facts when she ruled as a matter of law" but "[a]dverse possession based on the facts presented was a fact issue and should have gone to the jury."  Appellant then quotes a portion of Appellee's cross-examination testimony and concludes:

> [Appellee] had testified that he signed the earnest money contract and paid the $25,000.00 deposit but under cross examination, he admitted that he had not been truthful earlier and [Appellant] paid the deposit from his ALE funds.  [Appellee] was living with his father and working for him.  This fact alone made it a fact question and indicated that [Appellee] might not be entitled to summary judgment as a matter of law.

Appellant fails to make a coherent argument explaining why summary judgment was erroneously granted.  He does not explain what "rule for adverse possession" the trial court allegedly made up or what "wrong law" the court applied; nor does he cite to anything in the summary judgment record which would show there is an issue of material fact precluding summary judgment.  Appellant waived his complaint.  *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Further, we note that Appellant seems to believe that Appellee's trial

9

testimony raised a fact issue regarding the summary judgment the trial court had granted over two months before trial on Appellant's claims for a declaratory judgment, promissory estoppel, and quantum meruit. But we may consider only evidence that was before the trial court at the time it ruled on the particular summary judgment motion being challenged. *Saad v. Valdez*, No. 14-15-00845-CV, 2017 WL 1181241, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.); *see also Blankinship v. Brown*, 399 S.W.3d 303, 309 (Tex. App.—Dallas 2013, pet. denied) (court of appeals considered only evidence that was before the trial court at the time it ruled on summary judgment motion, noting "this evidence was not before the trial court at the time it considered summary judgment. Accordingly, we may not consider the trial testimony in our summary judgment analysis."); *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 347 n.16 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (court of appeals cited Rule 166a(d), explaining that it cannot consider summary judgment evidence that was not before the trial court); *McMahan v. Greenwood*, 108 S.W.3d 467, 482 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (court of appeals did not consider evidence attached to a new trial motion that was not before the trial court when it granted summary judgment).

We overrule Appellant's fifth issue.

4.    *Issue VI*

In his sixth issue, Appellant states:

Did the trial judge abuse her discretion in granting [Appellee]'s motion for summary judgment when the [Appellee] produced a copy of [Appellant]'s response to request for interrogatories as his evidence for summary judgment as his client[']s documents in opposition to [Appellant]'s motion to strike as it was fraud on the part of the defense and was using deceit to obtain a judgment as he knew that his client did not execute the documents in question and they were

10

[Appellant]'s documents and the conduct violated Texas Penal Code
32.46 entitling [Appellant] to exemplary damages for the violation?

Appellant asserts that he served Appellee "some responses to interrogatories" and Appellee "presented those documents as his closing documents. This violates Tex. Penal Code 32.46 as he and his attorney are using deceit to obtain a judgment and commit fraud on the court." Appellant does not provide any record citation to "responses to interrogatories" nor does he explain how and why presenting "those documents" would (1) be deceitful, constitute fraud, and violate section 32.46 of the Texas Penal Code, and (2) show that summary judgment was erroneously granted. Besides, Appellant never objected to admission of Appellee's summary judgment evidence in the trial court. Appellant waived any complaint in issue six because he failed to comply with Texas Rule of Appellate Procedure 38.1(i), requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i).

We overrule Appellant's sixth issue.

## III. Failure to Serve

In his seventh issue, Appellant states: "When [Appellee] failed to serve [Appellant] with motions or pleadings but sent pleadings to his friend's office, did the trial judge err in refusing to accept late pleadings?" He contends Appellee (1) "filed all motions and pleadings to [Appellant] at Dale Moon's office"; (2) "consistently refused to serve [Appellant] who did not waive service at his residence or his mailing address at Dale Moon's office . . . and [Appellee] knew the email of [Appellant]"; and (3) did not properly serve Appellant and Appellant "did not waive service and [Appellee] knew" Appellant's email but "was refraining from serving him at sundialbuilders, the email address." Citing Texas Rule of

Civil Procedure 124, Appellant claims he "complained to the Court but did not file a formal motion" and the trial court "granted the summary judgment even though [he] had not been properly served."

It is unclear what motions or pleadings Appellant refers to that Appellee allegedly failed to serve or what late pleadings the trial court allegedly refused to accept regarding Appellee's summary judgment motion. Appellant does not provide any citation to the record. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Further, Appellant does not seem to complain that he was not served at "his residence or his mailing address at Dale Moon's office" but that Appellee knew his email and "refrain[ed] from serving him at sundialbuilders, the email address." However, Appellee was not required to serve Appellant by email. Rule 124, cited by Appellant, provides: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules." Tex. R. Civ. P. 124.

Here, Appellant was the plaintiff and, as such, appeared by filing his original petition. *See Meredith v. Valentin*, No. 14-23-00015-CV, 2024 WL 3975208, at *1 (Tex. App.—Houston [14th Dist.] Aug. 29, 2024, no pet. h.) (mem. op.). Appellee moved for summary judgment on the claims Appellant asserted in his suit against Appellee. Upon a party's appearance, the Rules of Civil Procedure require that copies of every pleading or motion filed be served on all parties. *Id*.; *see* Tex. R. Civ. P. 21. The Rules of Civil Procedure also provide that when a party has appeared in the suit, service can be accomplished by either citation or as provided in Rule 21a. *Meredith*, 2024 WL 3975208, at *1. Rule 21a states that every

pleading or motion "required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served . . . in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 21a(a)(2).

The certificate of service in Appellee's motion for summary judgment lists Appellant's address as 5626 Avenue G ½, Santa Fe, Texas 77510 and provides: "This is to certify that a true and correct copy of the above and foregoing document has been served on the following pro se Plaintiff in accordance with the Texas Rules of Civil Procedure on the 28th day of April, 2022." The address listed is the same one Appellant provided as his residence in his original petition, other pleadings, and summary judgment response. Appellant does not dispute that it is his correct home address nor does he present any evidence that he was not served at the address. The record does not show that Appellee filed any other motion or pleading relating to the summary judgment. Because Appellee was not required to serve a copy of his motion via email and could properly serve Appellant at his home address, Appellant's claim that he was not properly served is without merit.

We overrule Appellant's seventh issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/      Meagan Hassan
Justice

13

Panel consists of Justices Jewell, Zimmerer, and Hassan.