George O. ZENNER, Jr., Tommye H. Zenner, Thomas H. Zenner and Meredith Ellen McConn Zenner, Appellants,

v.

LONE STAR STRIPING & PAVING, L.L.C., Appellee.

No. 01–11–00087–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 2012.

Rehearing Overruled May 17, 2012.

---

Lewis W. Jost, Adair & Myers, P.L.L.C., Houston, TX, for Appellants.

Julian J. Fertitta III, Grimes & Fertitta, P.C., Houston, TX, Alcide Federico Longoria, The Law Offices of A. Federico Longoria, San Antonio, TX, for Appellee.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

JANE BLAND, Justice.

This case concerns the fraudulent transfer of a beach house and the proceeds from its sale, and whether the judgment creditor, Lone Star Striping & Paving, L.L.C., sued outside the limitations period. After a bench trial, the trial court rendered judgment against George Zenner, Tommye Zenner, Thomas Zenner, and Meredith McConn Zenner, (collectively, "the Zenners") under the Texas Uniform Fraudulent Transfer Act (TUFTA). *See* TEX. BUS.

& COM.CODE ANN. §§ 24.001–.013 (West 2009). On appeal, the Zenners contend that (1) the applicable statute of repose bars this suit because the discovery rule did not defer the accrual of Lone Star's claims, (2) insufficient evidence supports the trial court's findings of fact, (3) the trial court erred in denying George Zenner's counterclaim for declaratory relief, and (4) the judgment violates the "one satisfaction" rule. We conclude that the discovery rule did not defer accrual of Lone Star's TUFTA claims against the Zenners, and thus the applicable statute of repose bars the judgment against them. Accordingly, we reverse the judgment of the trial court and render judgment dismissing the suit.

## BACKGROUND

On January 10, 2005, Lone Star obtained a $1,022,606 default judgment against Eric Zenner, the Zenner Family Trust, L.P, and other Zenner entities, plus prejudgment interest and attorney's fees. In 2008, more than three years later, Lone Star conducted post-judgment discovery; Lone Star deposed Eric Zenner, Meredith McConn and Eric's father, George Zenner, and it subpoenaed the Zenner Family Trust bank records.

On May 21, 2009, Lone Star sued the Zenners. Lone Star alleged that transfers related to Eric Zenner's Galveston beach house—and the later disbursements of the proceeds from the mortgage and sale of the house—violated TUFTA. The Zenners denied the claims and, noting that the transfers happened more than four years earlier, asserted the applicable statute of repose as an affirmative defense.

George Zenner is the sole beneficiary and trustee of the Zenner Family Trust. The trust was formed in November 2001; its sole asset was a beach house in Galveston County. A warranty deed reveals that MKZ Land, L.P., an entity controlled solely by Eric Zenner, had deeded the house to the Zenner Family Trust in November 2001, four years before Lone Star obtained a default judgment against him.

In 2003, George Zenner, through the Zenner Family Trust, mortgaged the beach house in the sum of $400,000. The trust sold the house in 2004. George Zenner testified that the purpose of the mortgage and sale was to pay Eric Zenner's debts to his family.

George Zenner placed the proceeds of the mortgage and sale of the beach house in a Compass Bank account in the trust's name. Between 2003 and 2004, George Zenner transferred assets from the trust account to various family members to satisfy debts that Eric Zenner owed to them. George Zenner also distributed some of the funds from the account to Eric Zenner's wife. Having expended the funds in it, George Zenner closed the trust account in January 2005, at about the same time that Lone Star obtained its default judgment against Eric Zenner.

Lone Star's CEO, Brent Taber, testified that Lone Star knew about the existence of the Zenner Family Trust in 2004 and also knew that the trust owned the beach house. While pursuing the suit that led to the 2005 default judgment, Tabor had considered "encumber[ing] the title of the beach house ... to prevent the asset from being liquidated...." Lone Star's 2005 pleading alleges that the "Zenner Family Trust is in possession of Zenner's assets ... which include ... one parcel of property owned by defendant and located at 13219 Binnacle Way, Galveston, Texas that can be attached to secure the debt." But Lone Star never encumbered the property.

In 2005, Lone Star discovered that the trust had sold the house during the previous year. Taber learned about the sale

from a local realtor's website; he also raised the issue of the sale to his attorney. At trial, Tabor testified that Lone Star did not know what happened to the proceeds of the sale. Tabor further contended that Lone Star did not discover, and could not reasonably have discovered, that George Zenner was sole trustee and beneficiary of the Zenner Family Trust, or that the trust had made fraudulent disbursements. Tabor maintained that Lone Star had first learned of the Compass Bank account in 2008 after Lone Star had deposed members the Zenner family and subpoenaed the trust's bank records.

After a bench trial, the trial court found in favor of Lone Star. Relevant to this appeal, the trial court found that:

12. The Plaintiff did not learn of the transfers and disbursement of funds ... until August of 2008 when the bank records of the Zenner Family Trust were obtained by way of a subpoena during post judgment discovery.

13. The Plaintiff filed its suit within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

The trial court also entered the following conclusion of law relevant to this appeal:

6. Plaintiff is entitled to avail itself of the discovery rule and the statute of limitations was tolled under *Tex. Bus. & Com.Code § 25.010(a)(1)*.

The Zenners moved for a new trial, contending that the record does not support the trial court's findings of fact.

## DISCUSSION

*Standard of Review*

■ We review the sufficiency of the evidence supporting a trial court's challenged findings of fact by applying the same standards that we use in reviewing the legal or factual sufficiency of the evidence supporting jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). When the appellate record includes the reporter's record, the trial court's factual findings, whether express or implied, are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *See Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex.App.-Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex.1985) (per curiam).

■ In a bench trial, the trial court determines the credibility of the witnesses and the weight to be given their testimony. *Woods v. Woods*, 193 S.W.3d 720, 726 (Tex. App.-Beaumont 2006, pet. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex.2005). In resolving factual disputes, the trial court may believe one witness and disbelieve others, and it may resolve any inconsistencies in a witness's testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986). In making credibility determinations, the fact-finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller*, 168 S.W.3d at 820. The fact-finder thus is not "free to believe testimony that is conclusively negated by undisputed facts." *Id.*

■ An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). In an appeal from a bench trial, we review a trial court's conclusions of law as legal questions, de novo, and will uphold them on appeal if the judgment can be sustained on any legal

theory supported by the evidence. *Id.; In re Moers,* 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller,* 168 S.W.3d at 827. In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The fact-finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819.

*Statute of Repose under the Texas Uniform Fraudulent Transfer Act*

■ In general, TUFTA permits creditors to void fraudulent transfers to family members. *See* TEX. BUS. & COM.CODE ANN. § 24.008(a). However, section 24.010 of TUFTA extinguishes claims brought under the act unless they are filed within the applicable statutory time period—within four years after the fraudulent transfer was made. TEX. BUS. & COM.CODE ANN. § 24.010(a)(1).[1] But, a creditor may sue later if it does so within one year after the transfer or obligation was or could reasonably have been discovered. *Id.*

The trial court determined that the Compass Bank money transfers from the Zenner Family Trust to various family members violated TUFTA. It is undisputed that these transfers pre-date the four-year limitations period, as the last one took place before January 10, 2005, when Zenner closed the Compass Bank account. *See* TEX. BUS. & COM.CODE ANN. § 24.010(a)(1). Lone Star did not sue until May 2009. The trial court ruled, however, that Lone Star's claims were not time-barred under TUFTA's discovery-rule exception. *See* TEX. BUS. & COM.CODE ANN. § 24.010(a)(1); *see Cadle Co. v. Wilson,* 136 S.W.3d 345, 350 (Tex.App.-Austin 2004, no pet.); *Duran v. Henderson,* 71 S.W.3d 833, 838 (Tex.App.-Texarkana 2002, pet. denied).

■ Texas courts have compared TUFTA's statutory discovery rule to the one that arises under the common law. *See Duran,* 71 S.W.3d at 838–39; *see also Cadle Co.,* 136 S.W.3d at 351; *Johnston v. Crook,* 93 S.W.3d 263, 270 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). The discovery rule traditionally defers the accrual of a cause of action until a claimant knows, or through the exercise of reasonable diligence, should know of the facts giving rise to the cause of action. *Wagner & Brown Ltd. v. Horwood,* 58 S.W.3d 732, 734 (Tex.2001).

The undisputed evidence at trial conclusively establishes that Lone Star should have discovered the transfers within the four years after the Zenner Family Trust made them. Lone Star knew that the Zenner Family Trust existed in 2004, and included the name of the trust and address of the beach house in its 2005 pleadings. According to Lone Star's CEO, Lone Star also knew that Eric Zenner's beach house—which he had owned free of encumbrances—had been transferred to the trust. Lone Star also learned that the beach house had been sold in May 2004, based on information obtained through a

---

1. Entitled "Extinguishment of Cause of Action," section 24.0010 is a statute of repose, rather than a statute of limitations. *See* TEX. BUS. & COM.CODE ANN. § 24.010; *Cadle Co. v. Wilson,* 136 S.W.3d 345, 350 (Tex.App.-Austin 2004, no pet.); *Duran v. Henderson,* 71 S.W.3d 833, 837 (Tex.App.-Texarkana 2002, pet. denied). Texas courts use the terminology "statute of repose" and "statute of limitations" interchangeably when referring to section 24.010 of TUFTA.

local realtor's website. These are facts that would prompt a reasonably diligent creditor to seek further information about the sale proceeds. *See e.g. Childs v. Haussecker*, 974 S.W.2d 31, 47 (Tex.1998) (noting discovery rule requires plaintiff to exercise reasonable diligence once apprised of facts that would incite a reasonably diligent person to seek information about his injury); *Pirtle v. Kahn*, 177 S.W.3d 567, 571 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) ("the discovery rule requires a plaintiff to seek information about his injuries and their likely cause once he is apprised of facts that would make a reasonably diligent person seek information"); *Stewart Title Guar. Co. v. Becker*, 930 S.W.2d 748, 756 (Tex.App.-Corpus Christi 1996, writ denied) (holding that because rule mandates reasonable diligence, tolling of limitations by discovery rule ends when party claiming benefits of rule acquires knowledge of facts, conditions, or circumstances that would cause reasonable person to make inquiry leading to discovery of concealed cause of action), *disapproved of on other grounds by Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004).

The Texas Rules of Civil Procedure permit post-trial discovery to obtain information to enforce a judgment. TEX.R. CIV. P. 621a. A party may seek post-trial discovery at any time after rendition of judgment. *Id.* Rule 621a permits "any discovery proceeding authorized by these rules for pre-trial matters." *Id.* Discovery is generally permitted of any unprivileged information relevant to the subject of a lawsuit, whether it relates to a claim or defense of the parties. TEX.R. CIV. P. 192.3(a). In 2008, Lone Star deposed members of the Zenner family and learned of the transfers from the Zenner Family Trust to Eric Zenner and other Zenner family members. It also obtained the Compass Bank records. These are facts giving rise to Lone Star's cause of action.

Lone Star responds that the statute of repose does not bar its suit, because no available source of information would have revealed what happened to the specific proceeds of the sale—that the trust had retained the proceeds in a bank account and had been making disbursements to the Zenner family. But post-trial discovery was available to Lone Star in 2005 after it obtained a judgment against Eric Zenner and the Zenner Family Trust, L.P. *See* TEX.R. CIV. P. 621a. It knew the Zenner Family Trust existed in 2004, knew that Eric Zenner had transferred the beach house to the trust, and knew that the trust had sold the beach house in May 2005, and yet Lone Star did not ascertain whether the proceeds of the transaction had been disposed of in a manner that threatened its rights as a judgment creditor. *Compare Cadle Co.*, 136 S.W.3d at 352–53 (discovery rule did not apply where judgment creditor knew of underlying facts from earlier deposition that would have prompted reasonably diligent claimant to investigate transactions further) *with Duran*, 71 S.W.3d at 839 (discovery rule delayed accrual of claims where judgment creditor did not know debtor owned home and had transferred home and would not have known of conveyance based solely on existence of deed in deed records).

Like the judgment creditor in *Cadle*, Lone Star had notice of sufficient facts to inquire into the disposition of the proceeds of the sale. *See Cadle Co.*, 136 S.W.3d at 352–53. Post-judgment discovery not only would have revealed the asset transfers between the Zenner Family Trust to the Zenner family, it did reveal them: Lone Star learned of the trust arrangement and the asset transfers after deposing members of the Zenner family in 2008, still within the four-year limitations period.

The record conclusively demonstrates that Lone Star was aware of facts sur-

rounding the transfers that aggrieved its rights as a creditor when it learned in 2005 of the transfer of the beach house to the trust, its encumbrance, and its sale. As a matter of law, such facts would lead a reasonable creditor to inquire about the proceeds within the statute of repose. The record also conclusively demonstrates that Lone Star had post-judgment discovery available to it from the date of its default judgment against the Zenners, January 10, 2005. In 2008, post-judgment discovery revealed the transfers from the Compass Bank account. By exercising reasonable diligence, Lone Star should have discovered (and did discover) the facts giving rise to its TUFTA claims within four years of the transfers.

### Conclusion

Because Lone Star's claims could have been discovered using reasonable diligence, the discovery rule does not defer accrual of its claims under TUFTA. We hold that the trial court erred in finding that the discovery rule applied; accordingly, Lone Star's claims are barred by the four-year statute of repose. We reverse the judgment of the trial court and render judgment dismissing Lone Star's claims.