**Opinion issued April 15, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01070-CV

———————————

### JUAN ROMERO, IRMA MEDRANO, Appellants

### V.

### GEOVANNI J. FUENTES, ROBERTO FUENTES, Appellees

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1013093**

---

## MEMORANDUM OPINION

Juan Romero and Irma Medrano appeal a trial court's judgment awarding Geovanni Fuentes and Roberto Fuentes $300, the amount of the Fuenteses' security deposit on an apartment that they intended to rent from Romero. Romero

and Medrano contend that there was insufficient evidence to support the trial court's judgment. We affirm.

## Background

This case arises out of a landlord-tenant dispute. Three years ago, Geovanni Fuentes approached Romero about renting an apartment unit in the Sugar Branch Condominiums. Romero, purporting to be an agent of the condominium owner, offered to rent the property to Geovanni for $550 per month, pending payment of a $35 application fee and a $300 security deposit. Romero, however, did not provide Geovanni with a lease agreement.

Nonetheless, shortly thereafter, Geovanni gave Romero a $300 check signed by his father, Roberto Fuentes, but the check was not made payable to anyone. After giving Romero the check, Geovanni hand-drafted and initialed an agreement stating that Romero had received the $300 deposit, that $35 was "pending for an application fee," and that the first month's rent was due on a specified date. Romero did not sign the document in Geovanni's presence. Romero testified that sometime later, he wrote at the bottom of the page: "Deposit is lost. They did not fulfill the contract." However, Romero did not offer the written agreement into evidence. Romero gave the check to his care-taker, Irma Medrano, and Medrano cashed the check.

The Fuenteses filed a lawsuit in small claims court against Romero to recover the $300 security deposit. The court granted judgment to the Fuenteses, requiring Romero and Medrano to return the $300 deposit and pay court costs.

On appeal to a county civil court at law, Romero testified that he was entitled to keep the $300 deposit because Geovanni had a key and moved into the apartment, without ever paying rent. Romero testified that he held the deposit for seven days and then gave the $300 check to his care-taker and she cashed it.

The parties dispute whether Geovanni ever moved into the apartment. Geovanni and his father testified that Romero never signed a lease agreement, that Romero never gave Geovanni a key to the apartment, and that Geovanni never occupied the apartment. Geovanni's father admitted that he transferred the electric bill for the apartment into his name and that the electric company turned on the power in the apartment so that Romero could "shampoo the carpet." Geovanni's father also testified that after the electricity was running for "a couple of days" he had it shut off because Romero did not clean the apartment as promised.

The trial court found that there was no lease agreement, that the Fuenteses never occupied the apartment, and that Romero and Medrano jointly were responsible for returning the $300 security deposit because the Fuenteses "got nothing for it."

Romero and Medrano timely appealed.

## Sufficiency of the Evidence

In their sole issue, Romero and Medrano contend that the evidence was insufficient to support the trial court's judgment because there was a valid, signed lease agreement and the Fuenteses breached that agreement by occupying the apartment without paying the contracted rent. We construe their claim as a challenge to the legal sufficiency of the evidence supporting the trial court's findings of fact.

### A.    Standard of review

When reviewing a challenge to the legal sufficiency of the evidence, we consider all of the evidence supporting the judgment, "credit[ing] favorable evidence if reasonable jurors could, and disregard[ing] contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the findings and indulge every reasonable inference that would support them. *Id*. at 822.

In a bench trial, the trial court is the sole factfinder and judge of witness credibility. *Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We will not substitute our judgment for that of the trial court so long as the evidence at trial would enable reasonable, fair-minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

**B.     Sufficient evidence to support trial court's judgment**

Romero and Medrano argue that the trial court erred in finding that the parties did not enter into a lease agreement. Specifically, they argue that Geovanni's handwritten, initialed agreement gave them a right to keep the $300 deposit. We consider whether there was evidence to support the trial court's contrary ruling.

The Texas Property Code defines a security deposit as "any advance of money, other than a rental application deposit or an advance payment of rent, that is intended primarily to secure performance under a lease of a dwelling that has been entered into by a landlord and a tenant." TEX. PROP. CODE ANN. § 92.102 (West 2006). The lease agreement need not be in any specific form; the statute only requires that there be a "lease of a dwelling." *Id.* A landlord is required to refund any owed security deposit on or before the 30th day after the date that the tenant surrenders the premises. *Id.* at § 92.103 (West 2006).

At trial, Romero argued that he had a contract to lease the apartment to Geovanni, but he did not offer the document into evidence. Romero did provide the trial court a document that he described as a contract, but the trial court could not read it because it was written in Spanish. Geovanni's father orally translated the document for the court but explained that it was not an enforceable contract to lease the apartment because Romero never provided a key to the apartment. The

5

trial court found that the handwritten statement did not constitute a lease and that "[the Fuenteses] gave [Romero] $300 . . . [and they] got nothing for it."

In determining whether Romero and Medrano were entitled to keep the $300, the trial court could rely on the Fuenteses' testimony that Romero never gave them a key, never granted them access to the apartment, and that they never moved into the apartment. This evidence, alone, is sufficient to support the trial court's judgment returning the $300 to the Fuenteses.

The trial court could also rely on the Fuenteses' testimony to conclude that there was no lease. We cannot determine whether there was, in fact, a contract to lease the apartment because Romero did not offer into evidence the purported lease agreement or establish that he had authority to lease an apartment in the complex.

Based on this record, we presume that the trial court reconciled any inconsistencies in witness testimony in favor of the judgment and conclude that a reasonable factfinder could conclude that Romero and Medrano were not entitled to retain the $300. *See Zenner*, 371 S.W.3d at 315; *see also City of Keller*, 168 S.W.3d at 821. Accordingly, we hold that the trial court did not err by granting judgment for the Fuenteses and ordering Romero and Medrano to return the $300.

We overrule Romero and Medrano's sole issue.

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.