**Opinion issued November 13, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00034-CV

_____

### JEANINE V. RICHARDSON, Appellant

### V.

### ESTATE OF H.A. SMITH AND RANDY A. DISHONGH, Appellees

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1032728**

---

## MEMORANDUM OPINION

This appeal arises from a dispute between a tenant, Jeanine Richardson, and her landlords, the Estate of H.A. Smith and the estate's executor Randy Dishongh (collectively, "Dishongh"). In seven issues, Richardson challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that

Dishongh is not liable for withholding part of Richardson's security deposit. Particularly relevant to our opinion here, she contends that the trial court erred in finding that Dishongh did not act in bad faith. We affirm.

## Background

Richardson rented a house from Dishongh. She gave Dishongh a refundable $3,600 security deposit, which included a $250 pet fee. After living in the house for over a year, Richardson properly terminated the month-to-month lease and surrendered the property.

According to Dishongh, Richardson left the house in very poor condition. Dishongh deducted the $250 pet fee plus an additional $730 from Richardson's refundable security deposit to cover the costs of restoring and cleaning the house. He returned the remaining $2,620 to Richardson 31 days after she moved out. He also gave her an itemized list of deductions, but testified that he forgot to include the pet-fee deduction in the list.

Richardson filed this lawsuit in small-claims court asserting two causes of action under section 92.109 of the Texas Property Code. TEX. PROP. CODE ANN. § 92.109 (West 2014). First, Richardson alleged that Dishongh withheld an itemized list of security-deposit deductions in bad faith. TEX. PROP. CODE ANN. § 92.109(b). Both parties as well as the trial court refer to this requirement as a "proper accounting" and for convenience so shall we. Second, Richardson alleged

2

that Dishongh retained a portion of Richardson's security deposit in bad faith. TEX. PROP. CODE ANN. § 92.109(a).

After the small-claims court ruled against her, Richardson appealed to the county court at law. That court held a bench trial and entered a final judgment against Richardson. Richardson timely appealed to this Court.

## Bad Faith

In her first, second, and third issues, Richardson challenges the legal and factual sufficiency of the trial court's finding that Dishongh did not act in bad faith. A landlord who does not act in bad faith will not be liable under section 92.109. TEX. PROP. CODE ANN. § 92.109(a)–(b). "Bad faith implies an intention to deprive the tenant of a lawfully due refund." *Hardy v. 11702 Mem'l, Ltd.*, 176 S.W.3d 266, 271 (Tex. App.—Houston [1st Dist.] 2004, no pet.) "A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." TEX. PROP. CODE ANN. § 92.109(d). Once the presumption of bad faith arises, the burden shifts to the landlord to rebut the presumption and "prove his good faith, i.e., 'honesty in fact in the conduct or transaction concerned.'" *Hardy*, 176 S.W.3d at 271 (quoting *Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex. App.—Dallas 1977, writ dism'd)).

3

## A.    Standards of review

Although the standards of review for factual and legal sufficiency of the evidence are well established, the standards in this case must account for the burden-shifting framework of section 92.109.

### 1.    Standard of review when Richardson has the burden of proof

To successfully challenge the legal sufficiency of a factfinder's ruling that the complaining party failed to meet its burden of proof, "she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts" necessary to meet the burden of proof. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We begin our review by examining only the evidence that supports the challenged finding, ignoring all evidence to the contrary. *Id.* "[I]f there is no evidence to support the fact finder's [finding], then, the entire record must be examined to see if the contrary proposition is established as a matter of law." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). We will affirm the factfinder's finding unless the evidence conclusively establishes the opposite conclusion as a matter of law. *Id.* at 241 (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)).

To successfully challenge the factual sufficiency of a factfinder's finding that the complaining party failed to meet its burden of proof, "she must demonstrate on appeal that the adverse finding is against the great weight and

preponderance of the evidence." *Dow Chem. Co.*, 46 S.W.3d at 242. We consider and weigh all the evidence, and uphold the challenged finding unless "the evidence is so weak" or "the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* A court of appeals may not reverse the judgment unless the court clearly states why the factfinder's finding is factually insufficient. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

### 2. Standard of review when Dishongh has the burden of proof

To successfully challenge the legal sufficiency of a factfinder's finding that an opposing party met its burden of proof, the complaining party must show that there is no evidence that "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing a legal-sufficiency challenge, we consider all of the evidence supporting the judgment, "credit[ing] favorable evidence if reasonable jurors could, and disregard[ing] contrary evidence unless reasonable jurors could not." *City of Keller*, 168 S.W.3d at 827. We consider the evidence in the light most favorable to the findings and indulge every reasonable inference that would support them. *Id.* at 822; *see Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314–15 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

To successfully challenge the factual sufficiency of a factfinder's finding that an opposing party met its burden of proof, the complaining party must show

5

that the adverse finding is "so against the great weight and preponderance of the evidence as to be clearly wrong and unjust." *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *accord Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In a factual-sufficiency review "we consider and weigh all of the evidence supporting and contradicting the challenged finding." *McMahon v. Zimmerman*, 433 S.W.3d 680, 691 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *accord Cain*, 709 S.W.2d at 176.

## B.    Presumption of bad faith

Richardson must adduce sufficient evidence to raise the rebuttable presumption of bad faith. In this case, both parties agree Dishongh did not return her security deposit or deliver a proper accounting until 31 days after she surrendered possession of the apartment. Because Dishongh failed to meet the 30-day statutory deadline by one day, there is a presumption of bad faith, and the burden shifted to Dishongh to rebut the presumption. TEX. PROP. CODE ANN. § 92.109(d); *Hardy*, 176 S.W.3d at 271–72.

## C.    Rebutting the presumption

### 1.    Legal sufficiency

Dishongh provided evidence that he did not act in bad faith, in the sense that he acted with "honesty in fact" with respect to providing a proper accounting. He disclaimed any malicious motive. He adduced evidence that he is not a

professional landlord, but rather he was merely renting out a home recently inherited from his father until he felt comfortable selling it. He missed the 30-day deadline by only one day. The security-deposit deductions taken by Dishongh were not unusual: a maid service, a carpet-steaming service, and a handyman hired to remove some larger items left by Richardson. Dishongh also produced evidence that the total sum deducted—$980—was not excessive. According to Dishongh, the carpet was indelibly stained with red fruit punch and animal urine. The walls had holes, stains, and crayon drawings; a glass shelf was broken; trash was left in the front yard; blinds were missing or destroyed; and dirt and grime were everywhere. Dishongh testified that the money he withheld from the security deposit was not enough to cover the true cost of refurbishing the apartment.

The evidence adduced to rebut the presumption of bad faith meets the minimum threshold required to defeat a legal-sufficiency challenge because it "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827.

### 2. Factual sufficiency

Richardson's factual-sufficiency challenge requires us to consider all of the evidence supporting and contradicting the challenged finding. *Ortiz*, 917 S.W.2d at 772. The record includes two portions of evidence contrary to the trial court's findings. First, the accounting failed to include Richardson's pet deposit. Second,

7

Richardson gave testimony that Dishongh misrepresented the condition of the apartment.

Both parties agree that Dishongh deducted Richardson's $250 pet deposit, which was part of the security deposit, and that Dishongh omitted from the accounting the reason for doing so. At trial, Dishongh gave a reasonable explanation for withholding the pet deposit; he claimed Richardson's pet ruined the carpet beyond repair.

Richardson adduced evidence disputing Dishongh's description of the property as damaged and unclean. According to Richardson, she had the carpet professionally cleaned, and it was not stained. She also gave testimony that when she took possession, some blinds were already missing, grout was already dirty, and kitchen cabinets were already filthy.

While this is some evidence of bad faith, our factual-sufficiency review must also include the evidence of good faith adduced by Dishongh, which we discussed in our legal-sufficiency review. *McMahon*, 433 S.W.3d at 691. Given all the evidence, the trial court's finding is not so contrary to the overwhelming weight of the evidence as to make the verdict clearly wrong and unjust. Accordingly, there is factually sufficient evidence to support the trial court's conclusion that Dishongh rebutted the presumption of bad faith.

We overrule Richardson's first, second, and third issues.

## Remaining Issues Relating to Richardson's Section 92.109 Claims

In her fourth, fifth, and sixth issues Richardson challenges various other findings supporting the verdict against her section 92.109 claims. But she cannot prevail on her section 92.109 claims without a finding that Dishongh acted in bad faith. We have already decided that the evidence is legally and factually sufficient to support the trial court's finding that Dishongh did not act in bad faith. Therefore, we overrule Richardson's fourth, fifth, and sixth issues as moot.

## Attorney's Fees

In her seventh issue Richardson contends that the trial court erred by awarding attorney's fees to Dishongh. She provides no argument on this issue in her brief, and therefore has waived any error. TEX. R. APP. P. 38.1(i).

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle

9