**Opinion issued July 28, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00063-CV

———————————

**PATRICK COX, Appellant**

**V.**

**CARA COX, Appellee**

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-21966**

---

## MEMORANDUM OPINION

Appellant Patrick Cox appeals from a divorce decree. In five issues, Patrick challenges the trial court's property division, specifically the award to his former spouse Cara Cox of a $135,000 judgment, which was secured by an owelty lien against his separate-property homestead.

We affirm.

## Background

Patrick and Cara were married in 2010. Two months before the wedding, Patrick learned that the State of Texas was bringing a public enforcement action against his tax resolution business, TaxMasters, alleging deceptive trade practices. Later Patrick also was sued in his personal capacity, and ultimately, the State obtained a jury verdict against both Patrick and TaxMasters for tens of millions of dollars. By the time of trial in this divorce proceeding, the State's judgment against Patrick in his personal capacity in the TaxMasters matter had been reversed on appeal. *Cox v. State*, 448 S.W.3d 497, 507 (Tex. App.—Amarillo 2014, pet. denied).

During their marriage, the Coxes lived together in a house purchased by Patrick before the marriage, which was located on Hedwig Road in Houston, Texas. According to Cara's inventory, which was admitted into evidence at trial, approximately $255,000 of community funds were spent on the house for mortgage payments (principal reduction and interest) and property taxes in 2011 and 2012.

In 2013, Cara filed for divorce. During the course of litigation, Patrick had multiple lawyers, and for significant periods of time he represented himself. Failure to comply with discovery obligations limited the evidence Patrick was

permitted to introduce at trial. For example, Patrick failed to provide an inventory of assets and a proposed property division to Cara ten days before trial, as required by the local rules. As a result, the trial court sanctioned him by precluding him from introducing evidence controverting Cara's inventory.

At the one-day bench trial, the sole witnesses were Cara, Patrick, and their attorneys, who testified as to attorney's fees. Cara testified that "[m]onies earned during the marriage," specifically, Patrick's "paycheck," were used to make principal and interest payments on the mortgage as well as tax payments on the Hedwig Road house. Cara testified that her inventory value for principal reduction on the house was incomplete to the extent it did not reflect payments that were made during the first nine months of their marriage.

Patrick testified that during most of the time they were married, he "didn't make enough" money "to pay all of the bills," and "any reimbursement" for money spent from the community estate to benefit his house on Hedwig Road "would be unfair because the principal payments and the other payments came out of" his savings. He also testified that the interest paid on the second mortgage on the Hedwig Road house during their marriage, a number which was listed as "TBD" on Cara's inventory, was $28,000.

In the final decree of divorce, the court awarded Cara $135,000 as reimbursement to be secured by an owelty lien against the Hedwig Road house,

3

which was confirmed as Patrick's separate property. Patrick filed a request for findings of fact and conclusions of law, which was denied by the trial court as untimely. Patrick appealed.

## Analysis

Patrick has stated five issues in his brief, all of which challenge the trial court's property division. Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *De Mino v. Sheridan*, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Rules of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting authorities. TEX. R. APP. P. 38.1(i). Compliance with Rule 38 requires the appellant to provide a legal argument that demonstrates the basis for the requested relief. *See Law Offices of Lin & Assocs. v. Mem'l Hermann Hosp. Sys.*, No. 01-08-00891-CV, 2011 WL 346483, at *2 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, pet. denied) (mem. op.). When the appellant challenges the sufficiency of the evidence, he must explain how the evidence is inadequate to support the challenged finding. *Id.*

4

## I.     Patrick's inventory

Patrick contends that the trial court erred by denying admission of his revised inventory. He argues that he included his inventory as part of a motion for partial summary judgment preserving his complaint for appellate review.

The Family Code authorizes a trial court to order the parties to a divorce proceeding to file "sworn" inventories of "the real and personal property owned or claimed by the parties" and to specify the "form, manner, and substance of the inventory and appraisal and list of debts and liabilities." TEX. FAM. CODE § 6.502(a)(1). In Harris County, the trial courts have adopted Local Rule 4.2 to expedite the procedure for the exchange of inventories and other financial information. That rule requires divorcing parties to exchange their final inventories, financial information statements, and financial information as required by the Family Code (including two years' worth of income tax returns and payroll stubs, along with a proposed property division) no later than 10 days before trial and to file them with the court before trial begins. Rule 4.2 of the Judicial Dist. Courts of Harris Cty., Tex., Family Trial Div. The local rule also states that it is a discovery request enforceable by sanctions under the Rules of Civil Procedure. *Id.*

Another local rule specifies what must be included in the inventory: (1) "each item of property and its value," (2) "each liability," listing its amount, "the number of periodic payments in arrears, if any, the property securing its

5

payment, and the name of the creditor," (3) "any property or liability claimed to be separate property," (4) "all beneficial interests in insurance," (5) "all benefits arising from a party's employment (such as pensions, profit sharing plans, savings or thrift plans, whether vested or non-vested)," and (6) the "net worth" of both the "community estate" and "any claimed separate estate." Rule 4.3 of the Judicial Dist. Courts of Harris Cty., Tex., Family Trial Div. In addition, each party is required to "incorporate as an exhibit to the inventory the last information furnished" about his or her "rights and monetary interest in the retirement and savings plans." *Id.* Finally, each party is required to attach to the inventory a "summary" listing "in columnar format, the property values and liabilities." *Id.*

Patrick filed a motion for partial summary judgment as to the marital estate on January 31, 2014. Within the motion, under a section heading entitled "FACTS," he stated: "Respondent's assets and their estimated fair market value consisted of the following on July 10, 2010," which was the date of Patrick and Cara's wedding. Following that statement was a listing of (1) a description of the Hedwig Road residence, (2) five different personal and brokerage accounts, (3) four retirement accounts, (4) four personal vehicles, and (5) stock ownership in four companies. After that, Patrick provided values as of July 10, 2010, and December 31, 2013, and the difference. He provided values for the Hedwig Road

residence, furnishings, three of the four personal vehicles, and stock in two companies.

Patrick's motion for partial summary judgment did not satisfy the statutory and local rules' requirements to be an inventory. The motion for summary judgment was not sworn as required by the Family Code, and it did not include the information required under the local rule, such as tax returns and pay stubs. It did not value many of the assets and bank accounts, nor did it identify liabilities or which assets were community property. As such, we conclude that it was not an inventory as contemplated by the rules, and the court did not err by excluding it.

We overrule Patrick's issue challenging the exclusion of his purported inventory.

## II.    Waiver of challenges to other trial court rulings

Patrick also argues that the trial court erred by ruling on other pretrial motions based on its bias against him. For example, he complains that the court did not afford him the same courtesies when he appeared pro se as it extended to counsel representing other parties.

As a prerequisite for appellate review, an appellant must have made his complaint known to the trial court by a request, objection, or motion that stated the grounds for his complaint with sufficient specificity to apprise the trial court of the complaint, and he must have obtained a ruling or objected to the court's refusal to

rule. TEX. R. APP. P. 33.1(a). Patrick's brief provides no more than a recitation of his grievances about the course of events leading up to and through the beginning of trial. Aside from his specific challenge regarding the exclusion of a purported inventory, which we have already addressed, the record does not show that Patrick made a timely request or motion relevant to his complaints, or that he obtained a ruling from the trial court.

Moreover, his brief on issues one and two does not contain clear and concise arguments with appropriate citations to the record and supporting authorities. *See* TEX. R. APP. P. 38.1(i). These challenges are waived.

## III. Cara's reimbursement claim

In his third issue, Patrick argues that the court erred by awarding Cara $135,000 as reimbursement for her one-half share of the community estate which was expended to benefit the Hedwig Road house. Patrick contends that the trial court's order is not supported by the evidence.

Reimbursement is an equitable right that "arises when the funds or assets of one estate are used to benefit and enhance another estate without itself receiving some benefit." *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982); *see* TEX. FAM. CODE § 3.402(b) (stating that court shall resolve reimbursement claims based on equitable principles). "The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were

8

made and that they are reimbursable." *Vallone*, 644 S.W.2d at 459. Reimbursement, like the division of the community estate upon divorce, generally, is within the broad discretion of the trial court. *Id.*; *see Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or principles, or by failing to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). In this context, "legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion." *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). "A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support the trial court's judgment." *Miles v. Peacock*, 229 S.W.3d 384, 389 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When, as in this case, the trial court does not make findings of fact, we presume that the court resolved factual disputes in favor of its judgment if such presumption is supported by the factually sufficient evidence. *See Aduli v. Aduli*, 368 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2012, no pet.). As in any other bench trial, the trial court acts as the factfinder, and it is the sole judge of the credibility of witnesses. *Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

To support the $135,000 reimbursement award, the evidence would have to show that $270,000 in community funds were spent to benefit the Hedwig Road house during the marriage. Patrick argues that the evidence does not support this award because the community estate did not have sufficient funds to make the payments. He attempts to circumvent the trial court's discovery sanction by controverting Cara's inventory with his own calculations. For example, relying on tax returns showing charitable donations exceeding $80,000, his testimony that their living expenses were $12,400 a month, and his testimony that he used money from his brokerage account to pay living expenses and debts on the Hedwig Road house, Patrick argues that he did not earn enough money during their marriage for the community estate to spend $270,000 on the Hedwig Road house. All of this evidence was presented to the trial court. Some of it required the trial court to first make a credibility determination in order to decide to accept or reject the evidence. All of this is within the court's factfinding responsibility and its wide discretion. *See Zenner*, 371 S.W.3d at 314; *Aduli*, 368 S.W.3d at 813.

Meanwhile, Cara's inventory reflected that approximately $255,000 of community funds were spent on Patrick's separate liability on the Hedwig Road house. She testified that the money used to make these payments came from money earned during the marriage, specifically from Patrick's "paycheck." Patrick testified that an additional $28,000 was spent on interest payments on the Hedwig

10

Road house, and he said that these payments were not previously disclosed in discovery, and they were not reflected on Cara's inventory. Together, this showed that the community estate spent approximately $283,000 on the Hedwig Road house, which was Patrick's separate property. This was some evidence of a substantive and probative character, and it was sufficient to support the trial court's $135,000 reimbursement award to Cara. *See Miles*, 229 S.W.3d at 389.

We overrule the third issue.

## III. The owelty lien

In his fourth issue, Patrick argues that the encumbrance of the Hedwig Road house with an owelty lien violated his rights under the Texas Constitution. "On dissolution of a marriage, the court may impose an equitable lien on the property of a benefited marital estate to secure a claim for reimbursement against that property by a contributing marital estate." TEX. FAM. CODE § 3.406; *see Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex. 1992). The court may impose a lien on a party's separate property homestead if that property is the subject of a reimbursement claim. *See Hinton v. Burns*, 433 S.W.3d 189, 200 (Tex. App.—Dallas 2014, no pet.); TEX. CONST. art. XVI, § 50(a)(3), 50(c). The Texas Constitution provides that only the debts identified in Article XVI, section 50(a) may be the subject of valid liens against homestead properties. TEX. CONST. art. XVI, § 50(c). Among the types of debts listed in Article XVI, section 50(a) is "an

11

owelty of partition imposed against the entirety of the property by a court order or by a written agreement of the parties to the partition, including a debt of one spouse in favor of the other spouse resulting from a division or an award of a family homestead in a divorce proceeding." TEX. CONST. art. XVI, § 50(a)(3).

As we have explained in our analysis of Patrick's third issue, there was probative and substantive evidence to support a determination that the $135,000 reimbursement award represented a debt owed to Cara resulting from a division of the community estate's reimbursement claim against Patrick's separate estate, i.e., reimbursement for money spent on the Hedwig Road house. *See Hinton*, 433 S.W.3d at 200. As such, the owelty lien was valid under the Texas Constitution.

We overrule Patrick's fourth issue.

## IV. Patrick's reimbursement claim

In his fifth issue, Patrick argues that the trial court erred by failing to award him a judgment and owelty of partition in Cara's separate property, which he argues arises from the community property rental income that was reinvested in a house that she kept as an investment property during their marriage. Patrick has not provided any legal argument or citation to authority supporting the relief requested in his appellate brief. As such, this issue is waived due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Wheeler*, 157 S.W.3d at 444; *Law Offices of Lin & Assocs.*, 2011 WL 346483, at *2.

12

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Higley, Bland, and Massengale.