# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10355

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2019

Lyle W. Cayce
Clerk

TIMOTHY L. BILIOURIS, and as next friend of JADE N. BILIOURIS; ANNE M. BULLOCK; BRIAN BULLOCK; ROBERT BULLOCK; RANDY COUGH; et al.,

Plaintiffs–Appellants,

v.

DAVID CAINE PATMAN; DAVID "PAT" PATMAN; BEVERLY ANN PATMAN,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1461

Before ELROD, WILLETT, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellants contend the district court erred in dismissing their fraudulent-conveyance suit as time-barred. The district court did not err. As Appellants timely "could have known" of the conveyance and its alleged fraudulence, they filed suit too late. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10355

## I. BACKGROUND

Timothy L. Biliouris and several other plaintiffs sued David "Pat" Patman and his brother Michael in 2007 in Texas state court and won a judgment against them in 2010.[1] When Pat Patman could not pay the judgment, the plaintiffs levied on Pat's property and pursued further written discovery. In 2015, the plaintiffs deposed Pat's wife, Beverly Patman, who testified that the Patmans had given their son, David Caine Patman, a parcel of land worth $400,000. This transaction was recorded as a sale in Johnson County's property records.

Appellants then filed this case in 2016, alleging that the transfer was a gift rather than a sale, and thus fraudulent under TUFTA.[2] Appellees responded that the suit was time-barred under TUFTA's four-year statute of repose for fraudulent-transfer claims.[3] The district court agreed and dismissed the case. Appellants argue that the district court ignored relevant Fifth Circuit precedent stating that "a fraudulent-conveyance claim does not accrue until the claimant knew or reasonably could have known both of the transfer and that it was fraudulent in nature."[4]

## II. STANDARD OF REVIEW

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[1] *Biliouris v. Sundance Res., Inc.*, No. 3:07-CV-1591-N, 2010 WL 11515689 (N.D. Tex. Mar. 12, 2010).

[2] Tex. Bus. & Comm. Code § 24.005(a)(1).

[3] Tex. Bus. & Comm. Code § 24.010(a)(1).

[4] *Janvey v. Romero*, 817 F.3d 184, 188 (5th Cir. 2016) (quoting *Janvey v. Democratic Senatorial Campaign Comm. (DSCC),* 712 F.3d 185, 193 (5th Cir. 2013).

[5] *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 527 (5th Cir. 2018).

2

No. 18-10355

its face."[6] We examine pleadings by viewing all well-pleaded facts in the light most favorable to the plaintiff.[7]

When reviewing a Rule 12(b)(6) motion to dismiss, the court may examine the complaint, documents attached to the complaint, and documents central to the plaintiff's claims which are attached to the motion to dismiss and to which the complaint refers.[8] Taking judicial notice of directly relevant public records is proper on review of a Rule 12(b)(6) motion.[9] "A court may take judicial notice of the record in prior related proceedings[.]"[10]

## III. DISCUSSION

TUFTA's statute of repose reads, in relevant part:

[A] cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . under Section 24.005(a)(1) of this code, within four years after the transfer was made or the obligation was incurred, or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant . . . .[11]

The second portion of this statute, known as the "discovery rule," defers accrual of a § 24.005 cause of action until the claimant knows or could know by reasonable diligence of the conveyance's fraudulent nature.[12]

Under Texas law, proper recording of an instrument of conveyance "provides all persons, including the grantor, with notice of the deed's contents[.]"[13] This settled rule presumes that a person exercising reasonable

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010).

[9] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[10] *In re Missionary Baptist Found., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983).

[11] Tex. Bus. & Comm. Code § 24.010(a)(1).

[12] *Romero*, 817 F.3d at 189; *see also Zenner v. Lone Star Striping & Paving*, 371 S.W.3d 311, 315 (Tex. App.—Houston [1st. Dist.] 2012, pet. denied).

[13] *Cosgrove v. Cade*, 468 S.W.3d 32, 34 (Tex. 2015); *see also* Tex. Prop. Code § 13.002.

diligence could discover the existence of a properly recorded deed the moment it was recorded. Appellants did not exercise such diligence during the time allotted under TUFTA's statute of repose and thus did not actually discover that the transfer occurred until 2015; however, they had constructive record notice of the transfer's existence as of April 3, 2008, when the warranty deed was recorded.

Appellants argue that they could not have known the transfer at issue was fraudulent in nature even if they could have known of the transfer's existence.[14] We have indeed made a relevant *Erie* guess "that the Texas Supreme Court would conclude that . . . a fraudulent transfer claim must be filed within one year after the fraudulent nature of the transfer is discovered or reasonably could have been discovered."[15] Appellants admit, however, that the disputed transfer took place in 2008, "while [the underlying case] was pending." In fact, the district court record in the underlying case reflects that Appellants deposed Appellee Pat Patman on July 3, 2008—three months after the warranty deed was filed in the Johnson County property records.[16] Thus, Appellants could have known of the transaction's fraudulence by July 2008 because they had (1) proper notice of its existence as of April 2008; and (2) an opportunity to discover its fraudulent nature during the July 2008 deposition of one of the transaction's participants.

Moreover, in our *Janvey* line of cases, the appointed receiver was faced with a sophisticated, extensive, worldwide Ponzi scheme, and thus the point where the discovery rule activated was harder to suss out.[17] But here,

---

[14] *Romero*, 817 F.3d at 188 (quoting *DSCC*, 712 F.3d at 193).

[15] *DSCC*, 712 F.3d at 195.

[16] *Biliouris*, No. 3:07-CV-1591-N, Dkt. No. 131-5 (N.D. Tex. July 14, 2008).

[17] *Romero*, 817 F.3d at 189-91.

No. 18-10355

Appellants had the resources and opportunity to discern the fraudulent nature of this single transaction when it was recorded.

## IV. CONCLUSION

TUFTA's statute of repose bars Appellants' tardy suit. We AFFIRM the district court's judgment.